POPOWSKI *v.* KRZESZKIEWICZ.

1. WORK AND LABOR—GENERAL MAINTENANCE MAN—EVIDENCE.
  Judgment of $5,585.60 for plaintiff in his action for work per-
  formed as general maintenance man at summer amusement
  park during 484 nine-hour days for 3 seasons, less board and
  room at $40 per week and other offsets *held,* supported by
  evidence adduced.

2. COSTS—BRIEF.
  No costs are allowed appellee upon affirmance of judgment,
  where he had not filed a brief on appeal.

Appeal from Monroe; Weipert, Jr. (William J.),
J.   Submitted March 5, 1963.   (Calendar No. 68,
Docket No. 49,062.)   Decided April 5, 1963.

Assumpsit by Peter Popowski against John
Krzeszkiewicz and Joanne Krzeszkiewicz for sums
due for work and labor.   Judgment for plaintiff.
Defendants appeal.   Affirmed.

*Edward Sanders,* for defendants.

PER CURIAM.   Plaintiff, characterized by defend-
ants' counsel as "a 40-year old man of considerable
intelligence and remarkable all-around abilities,"
was hired by defendants in 1956 to work at their
summer amusement park in Monroe county, as "a
general maintenance man."   He worked as agreed
during the summers of 1956, 1957, and 1958.   In the
spring of 1959 he was unceremoniously fired.

[1]  58 Am Jur, Work and Labor § 62.
[2]  14 Am Jur, Costs §§ 92, 99.

In July of 1959 plaintiff declared against defendants, employing the common counts and claiming the value of work thus performed. The case as pleaded was tried to the court. Seven full days were devoted to the taking of testimony. Plaintiff himself was on the witness stand 2-1/2 days. The circuit judge found that, because of the close personal relationship originally existing between the parties, no salary or wage was definitely agreed upon, and that plaintiff out of friendship had refrained for several years from demanding his just due. It was then found that plaintiff had worked a total of 4,356 hours (484 days—9 hours each) during the 3 summers. This finding, as to the total number of hours worked, is not challenged. It appears to be quite conservative.

The circuit judge then found that plaintiff was entitled to $2.50 per hour, which hourly rate is challenged. After having allowed certain offsets (including 96 weeks room and board at $40 per week), judgment entered for plaintiff in the sum of $5,585.60. Defendants appeal and present the single question:

"Accepting the facts in the light most favorable to plaintiff, did the plaintiff prove by a preponderance of the evidence that the reasonable value of his services was $2.50 per hour as found by the lower court?"

The following excerpts from the judge's opinion say all that need be said about this case.

"Although the testimony reveals that plaintiff's services, both those contracted for and those rendered, were much more valuable than common labor, plaintiff limits his demand to that, and has produced evidence only on that basis.    *    *    *

"The $40 per week credit given by plaintiff for room and board is, under the proofs, exceedingly generous, as is the limitation of his claim to common labor wages. Possibly plaintiff might have sought

more, had he foreseen the unfortunate lengths to which defendants went to attack his character."

These findings are amply supported. The circuit court's judgment is therefore affirmed. No costs, plaintiff having submitted no brief.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.